FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ MAR 23 2009 ★
BROOKLYN OFFICE

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
J&J SPORTS PRODUCTIONS, INC.,

               Plaintiff,

-against-

POTIONS BAR & LOUNGE, INC., d/b/a
Potions Bar & Lounge, and RAY A. SUE,

               Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 08-CV-1825 (FB) (CLP)

*Appearances:*
*For the Plaintiff:*
PAUL J. HOOTEN, ESQ.
Paul J. Hooten & Associates
5505 Nesconset Highway, Suite 203
Mt. Sinai, NY 11766

**BLOCK, Senior District Judge:**

        On February 5, 2009, Magistrate Judge Pollak issued a Report and Recommendation ("R&R") recommending that a default judgment of $12,370.00 be entered in favor of plaintiff and against defendants. The R&R recited that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of the Court . . . within ten (10) days of receipt," and that "[f]ailure to file objections within the specified time waives the right to appeal the district court's order." R&R at 19. A copy of the R&R was sent to defendants' last known address; to date, no objections have been filed.[1]

---

[1] The R&R sent to defendants' last known address was returned as undeliverable. Although the Supreme Court has held that due process may require "additional reasonable steps" when *initial* notice is returned unclaimed, *Jones v. Flowers*, 547 U.S. 220, 225 (2006), it has not departed from the long-standing rule that, once served, a party has a "responsibility to notify the court of any change in address." *Pierce v. Ross*, 1995 WL 129176, at *2 (E.D.N.Y. Mar. 17, 1995).

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object, however, and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Here, nothing in Magistrate Judge Pollak's thorough R&R suggests error, let alone plain error. Accordingly, the Court adopts the R&R without *de novo* review.

SO ORDERED.

s/ FB
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 19, 2009